# In the United States District Court
## for the Southern District of Georgia
## Savannah Division

COREY SOMMERS,                          *
                                        *
    Plaintiff,                     *
                                        *
    vs.                            *          CV 408-257
                                        *
WAYNE MICHAEL HALL; WARRIOR             *
TRANSPORTATION, LLC; AEQUICAP           *
INSURANCE COMPANY; and                  *
CROWN PRODUCTS COMPANY, INC.,           *
                                        *
    Defendants.                    *


## ORDER

Plaintiff Corey Sommers filed this action asserting state-law negligence claims against Defendants for injuries he sustained in an automobile accident. Defendant Aequicap Insurance Company ("Aequicap") moves for partial summary judgment on the grounds that it was improperly joined as a party defendant under O.C.G.A. § 46-7-12. (Dkt. No. 102.) For the reasons set forth below, Aequicap's Motion for Partial Summary Judgment is **DENIED**. (Dkt. No. 102.)

**BACKGROUND**

Around 2:00 a.m. on the morning of August 10, 2007, James Dwayne Burchett drove his pickup truck into the rear of a tractor-trailer stopped in the emergency lane of an interstate exit ramp near Savannah, Georgia. Plaintiff, a passenger in Burchett's truck, suffered injuries as a result of the accident and filed suit against Defendants. Defendant Crown Products Company, Inc. was the owner of the trailer involved in the collision. Defendant Warrior Transportation, LLC, a Florida-based motor carrier, owned the tractor and employed its driver, Defendant Wayne Michael Hall. Warrior Transportation was insured by Aequicap.

Plaintiff seeks to join Aequicap as a Defendant pursuant to O.C.G.A. § 46-7-12. Section 46-7-12 establishes a direct cause of action against a motor carrier's insurer on behalf of a party injured by the motor carrier's negligence. See O.C.G.A. § 46-7-12(c); see also Turner v. Gateway Ins. Co., 290 Ga. App. 737, 738, 660 S.E.2d 484 (2008). The statute provides:

> (a)     No motor carrier of household goods or passengers shall be issued a certificate [of public necessity and convenience required to operate in Georgia] unless there is filed with the [Public Service Commission ("PSC")] a certificate of insurance for such applicant or holder on forms prescribed by the [PSC] evidencing a policy of indemnity insurance by an insurance company

2

licensed to do business in this state, which
policy must provide for the protection, in case of
passenger vehicles, of passengers and the public
against injury proximately caused by the
negligence of such motor carrier, its servants, or
its agents; and, in the case of vehicles
transporting household goods, to secure the owner
or person entitled to recover against loss or
damage to such household goods for which the motor
carrier may be liable. . . . The insurer shall
file such certificate.  The failure to file any
form required by the [ PSC] shall not diminish the
rights of any person to pursue an action directly
against a motor carrier's insurer.

. . . .

(c) It shall be permissible under this article for
any person having a cause of action under this
article to join in the same action the motor
carrier and the insurance carrier, whether arising
in tort or contract.

Aequicap argues that O.C.G.A. § 46-7-12 is inapplicable in

this case, however, because Warrior Transportation filed its

registration with the State of Florida and, therefore, under

the federal Single State Registration System in effect at

the time of the accident, see 49 U.S.C. § 14504 (repealed

2007),[1] Aequicap was not *required* to file a certificate of

insurance with the State of Georgia.  Accordingly, Aequicap

_____

[1] 49 U.S.C. § 14504 was repealed by Pub. L. No. 110-53 on August 3, 2007.
However, section 1537 of Pub. L. No. 110-53 provides that:

Section 14504 of title 49, United States Code, as that section was
in effect on December 31, 2006, shall be in effect as a law of the
United States for the period beginning on January 1, 2007, ending
on the earlier of January 1, 2008, or the effective date of the
final regulations issued pursuant to subsection (b).

moves for partial summary judgment and seeks dismissal from this case. (Dkt. No. 102.)

**DISCUSSION**

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the court must therefore view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If after evaluating the evidence a reasonable factfinder could "draw more than one inference from the facts, . . . then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

When a Georgia resident brings an action against an interstate motor carrier for injuries suffered in Georgia, Georgia law governs the issue of joinder. Watkins v. H.O. Croley Granary, 555 F. Supp. 458, 461 (N.D. Ga. 1982); see

also <u>Harper Motor Lines, Inc. v. Roling</u>, 218 Ga. 812, 820, 130 S.E.2d 817 (1963). O.C.G.A. § 46-7-12 provides a statutory exception to Georgia's general rule that "[a]n insurer may not be joined as a party defendant with the insured and sued directly." <u>Seaboard Coast Line Ry. Co. v. Freight Delivery Serv., Inc.</u>, 133 Ga. App. 92, 95-96, 210 S.E.2d 42 (1974) (citing <u>Arnold v. Walton</u>, 205 Ga. 606, 612-13, 54 S.E.2d 424 (1949)). Under that Code provision, a person filing suit against a motor carrier is permitted to join the motor carrier's insurer in the same action. O.C.G.A. § 46-7-12(c). Here, it is undisputed that Warrior Transportation, LLC is a motor carrier and that Aequicap is Warrior's insurer. Under the plain language of § 46-7-12(c), therefore, Plaintiff properly joined Aequicap as a party defendant in this action.

Aequicap argues that § 46-7-12 is inapplicable in this case, however, because the insurer never filed a certificate of insurance with the Georgia Public Service Commission. Aequicap shows that in <u>Caudill v. Strickland</u>, 230 Ga. App. 644, 645, 498 S.E.2d 81 (1998), the Georgia Court of Appeals held that a plaintiff could not join a defendant motor carrier's insurer as a defendant under § 46-7-12 where the motor carrier never filed proof of insurance with the PSC.

Under the pre-2000 version of § 46-7-12, motor carriers bore the responsibility of filing the requisite proof of insurance required to operate in the State of Georgia. Id. at 644; see also Brian J. Schneider, "Insuring" a Fair Trial, GEORGIA DEFENSE LAWYER, Summer 2007, at 1, 22. Moreover, the law required that unless a motor carrier had provided the PSC with the requisite certificate, a plaintiff could not join that motor carrier's insurer in an action against the motor carrier. Caudill, 230 Ga. App. at 644 (quoting S. Gen. Ins. Co. v. Waymond, 221 Ga. App. 613, 614, 472 S.E.2d 325 (1996)); see also Caudill, 230 Ga. App. at 644 (explaining common law rule that a party could not bring a direct action against an insurer absent privity of contract unless specifically permitted by statute). Because the "uncontroverted evidence" in Caudill showed that the defendant motor carrier had not satisfied § 46-7-12's filing requirement, the Georgia Court of Appeals reasoned that the plaintiff could not invoke the statute to join the motor carrier's insurer as a party defendant. 230 Ga. App. at 644-45.

The Caudill court also rejected the plaintiff's argument that under the federal Single State Registration System ("SSRS") in effect at the time, the defendant motor

carrier's registration in the State of Arkansas satisfied the filing requirements of § 46-7-12. Id. at 645. Under the SSRS, a motor carrier was required to register annually with only a single state. 49 U.S.C. § 14504(c)(1)(A) (repealed 2007). The SSRS also provided that motor carriers could only be required to "file satisfactory proof of required insurance" in their registration states. Id. § 14504(c)(2)(A)(ii). The plaintiff argued that because the defendant motor carrier registered in Arkansas and could not therefore be required to file proof of insurance elsewhere, the plaintiff "should be permitted to substitute [the motor carrier's] Arkansas registration for the requisite filings with the Georgia PSC." Caudill, 230 Ga. App. at 645. The Caudill court declined the invitation to modify § 46-7-12's filing requirement, however, reasoning that because the "statute is in derogation of the common law[,] . . . its terms require strict compliance." Id. (citing Waymond, 221 Ga. App. at 614). The Georgia Court of Appeals concluded that any alteration or expansion of § 46-7-12's express requirements "would necessitate legislative action." Caudill, 230 Ga. App. at 645.

In 2000, the Georgia legislature answered the Caudill court's call and amended § 46-7-12. The statute was

7

apparently revised "to change the dubious result by which companies who dutifully filed [proof of insurance] with the PSC were at a disadvantage vis-à-vis those who failed to do so."[2] Jackson v. Sluder, 256 Ga. App. 812, 815, 569 S.E. 893 (2002). Section 46-7-12 now expressly provides that "[t]he failure to file any form required by the [PSC] shall not diminish the rights of any person to pursue an action directly against a motor carrier's insurer." O.C.G.A. § 46-7-12(a). The statute was also amended to place the burden of filing the requisite certificate of insurance on the insurer instead of the motor carrier. See id. ("The insurer shall file such certificate.").

Despite these changes, Aequicap maintains that it cannot be joined as a party defendant in this case because it did not strictly comply with § 46-7-12. See Caudill, 230 Ga. App. at 645 (explaining that § 46-7-12 "is in derogation of the common law and its terms require strict compliance"). Although § 46-7-12 requires insurers of motor carriers to file a certificate of insurance with the PSC, it goes on to say that direct actions against a motor carrier's insurer are not prohibited by that insurer's "failure to file any form *required* by the [PSC]." O.C.G.A. § 46-7-12(a)

_____

[2] O.C.G.A. § 46-7-12 was subsequently amended in 2002 and 2005.

(emphasis added).    Aequicap argues that § 46-7-12, as
amended, "still requires that a plaintiff attempting to join
an insurer either prove that the insurer filed proof of
insurance with the Georgia [PSC] or, in the absence of such
a filing, that the insurer was 'required' to do so."   (Mot.
Partial Summ. J. 5.)   It is undisputed that Aequicap never
filed a certificate of insurance with the Georgia Public
Service Commission.   Moreover, Aequicap argues that it was
not "required" to file such certificate because Warrior
Transportation filed its registration with the State of
Florida, and under the federal SSRS in effect at the time
Plaintiff's cause of action arose, only the registration
state could require "satisfactory proof of required
insurance."   49 U.S.C. § 14504(c)(2)(A)(ii) (repealed 2007).

Aequicap's argument fails, however, because it
conflates the filing requirements that O.C.G.A. § 46-7-12
now imposes on "insurers" with the SSRS's prohibition on
non-registration state filing requirements for "motor
carriers."   Under the federal SSRS, "only a State acting in
its capacity as registration State under [the] single State
system [could] require a *motor carrier* . . . to file
satisfactory proof of required insurance."   Id. (emphasis
added); see also 49 U.S.C. § 13102(14) ("The term 'motor

9

carrier' means a person providing motor vehicle

transportation for compensation."). The post-2000 version

of O.C.G.A. § 46-7-12, however, requires the motor carrier's

*insurer* to file a certificate of insurance with the Georgia

PSC. See O.C.G.A. § 46-7-12(a). Thus, even though Aequicap

never filed a certificate pursuant to § 46-7-12, it was

still required to do so, and the federal SSRS applicable to

motor carriers at the time of the accident does not change

this result.

Further, § 46-7-12's filing requirement does not, as

Aequicap suggests, place an impermissible burden on

interstate commerce. Requiring proof of insurance for an

out-of-state motor carrier that uses the state's public

highways is not "an unreasonable burden on [interstate]

commerce, if limited to damages suffered within the state

by" other members of the public travelling on the same

highways. Rogers v. Atl. Greyhound Corp., 50 F. Supp. 662,

664 (S.D. Ga. 1943) (quoting Sprout v. South Bend, 277 U.S.

163, 172 (1928)). Aequicap's failure to file the requisite

certificate of insurance with the Georgia PCS does not

therefore diminish Plaintiff's rights to pursue an action

directly against the insurer. See O.C.G.A. § 46-7-12(a).

Moreover, O.C.G.A. § 46-7-12(c) expressly permits the

joinder of a motor carrier's insurer in an action against the motor carrier.  Because Plaintiff properly joined Aequicap as a party defendant pursuant to O.C.G.A. § 46-7-12, Aequicap's Motion for Partial Summary Judgment is **DENIED**.  (Dkt. No. 102.)

      **SO ORDERED**, this ___13th___ day of May, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA