# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
COREY SOMMERS,                    *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *     CV 408-257
                                  *
WAYNE MICHAEL HALL; WARRIOR       *
TRANSPORTATION, LLC; AEQUICAP     *
INSURANCE COMPANY; and            *
CROWN PRODUCTS COMPANY, INC.,     *
                                  *
    Defendants.                   *
```

### ORDER

Plaintiff Corey Sommers filed this action asserting state-law negligence claims against Defendants for injuries he sustained in an automobile accident. Plaintiff seeks to recover compensatory damages, as well as punitive damages and reasonable attorney's fees and expenses. Defendants Wayne Michael Hall, Warrior Transportation, LLC, and Aequicap Insurance Company (collectively "the Warrior Defendants") move for partial summary judgment on the issue of punitive damages and attorney's fees. (Dkt. No. 103.)

For the reasons that follow, the Warrior Defendants' Motion for Partial Summary Judgment is **DENIED**. (Dkt. No. 103.)

**BACKGROUND**

On the evening of August 9, 2007, Defendant Wayne Michael Hall – a professional truck driver from Jacksonville, Florida – dropped off several loads for Defendant Crown Products Company, Inc. ("Crown") at various locations in southeastern South Carolina. Crown owned the trailer that Hall was using to transport its goods that evening. Defendant Warrior Transportation, LLC owned the tractor. Warrior was insured by Defendant Aequicap Insurance Company.

Around 2:00 a.m. the following morning, as Hall was headed south on I-95 near Savannah, Georgia, he pulled off the interstate and parked his tractor-trailer in the emergency lane of the Exit 94 off-ramp. Hall claims he pulled over because he thought the tail lights on the trailer may not have been functioning properly. However, Hall did not exit his vehicle to inspect the lights. Instead, he remained in his cab to make an entry in his logbook. (Hall Dep. 70-71, Feb. 16, 2009.) Five to six

minutes later, James Dwayne Burchett drove his GMC pickup truck into the rear of the tractor-trailer. Burchett and his passengers were returning from a night out in downtown Savannah.

Following their investigation, the police issued citations to the drivers of both of the vehicles involved in the accident. Burchett received citations for driving under the influence of alcohol and failing to maintain his lane of travel.[1] Hall was cited for improper use of the emergency lane. The issuing officer later explained that the citation was warranted because Hall told the officer he "had stopped [in the emergency lane] to work on his logbook, which is not an emergency." (Fisher Dep. 27-28.)

Plaintiff was a passenger in Burchett's truck who sustained injuries as a result of the accident. He alleges that Hall owed a duty to others on the roadway to operate his vehicle in a safe and prudent manner, and that Hall breached this duty by hauling a trailer with malfunctioning lights and parking it in the emergency lane of the off-ramp. (Am. Compl. ¶¶ 17-18.) Plaintiff further alleges that Defendant Warrior Transportation, LLC is liable for

---

[1] Burchett subsequently pled guilty to the lesser offense of failing to maintain due care. (Burchett Dep. 36.)

3

Hall's actions under the doctrine of respondeat superior (Id. ¶ 23), and that Defendant Aequicap Insurance Company is liable as the insurance carrier that provided coverage on the tractor driven by Hall (Id. ¶ 25). In addition to compensatory damages, Plaintiff seeks to recover punitive damages and reasonable attorney's fees and expenses. The Warrior Defendants now move for partial summary judgment on the issue of punitive damages and attorney's fees. (Dkt. No. 103.)

**DISCUSSION**

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must view the evidence and draw any inferences in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

4

323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The Court has subject matter jurisdiction over this lawsuit on the basis of diversity of citizenship. "[F]ederal courts sitting in diversity must apply the substantive law of the forum state." See Johnson v. Fleet Fin., Inc., 4 F.3d 946, 947 (1993) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Thus, Georgia law governs the resolution of the substantive claims at issue in this case.

### A. Punitive Damages

The Warrior Defendants argue that they are entitled to summary judgment on Plaintiff's claim for punitive damages. In automobile collision cases decided under Georgia law, "punitive damages are not recoverable where the driver at fault simply violated a rule of the road." Carter v. Spells, 229 Ga. App. 441, 442, 494 S.E.2d 279 (1997); see also Lewis v. Suttles Truck Leasing, Inc., 869 F. Supp. 947, 950 (S.D. Ga. 1994) ("A traffic violation, without

more, simply does not rise to the level of wilfully illegal behavior contemplated by the Georgia Code."). For example, crossing the centerline of the highway and striking another driver's vehicle would not, "in the absence of aggravating circumstances," permit the recovery of punitive damages. Currie v. Haney, 183 Ga. App. 506, 506, 359 S.E.2d 350 (1987). Punitive damages may be awarded, however, where there is clear and convincing evidence that the defendant's actions showed "that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b).

In Fowler v. Smith, 237 Ga. App. 841, 843, 516 S.E.2d 845 (1999), the Georgia Court of Appeals found that a genuine issue of material fact existed as to whether a truck driver's conduct exhibited that level of indifference required to support an award of punitive damages. In that case, the truck driver stopped his tractor-trailer behind a disabled vehicle in the center lane of Interstate 285. Id. at 841. The driver did not place any warning devices in the highway, and although it was getting dark, he never activated the trailer's lights. Id. at 843. Thirty-five minutes later, the plaintiffs' decedent drove his car into

6

the back of the trailer.  Id. at 841.  The plaintiffs sued the truck driver, his employer, and his employer's insurer, and the defendants moved for summary judgment on the plaintiffs' claim for punitive damages.  Id. at 841.

The trial court denied the defendants' motion and the Georgia Court of Appeals affirmed.  Id. at 843.  In addition to the lack of lights or warning devices, the appellate court pointed to evidence that the truck driver had the opportunity to move the vehicle out of the center of the highway in the thirty-five minutes prior to the collision, but failed to do so.  Based on this evidence, the Georgia Court of Appeals concluded that a jury would be entitled to find that the truck driver's conduct "demonstrated that entire want of care which would raise the presumption of conscious indifference to the consequences."  Id.

In Highsmith v. Tractor Trailer Serv., No. 2:04-CV-164, 2005 WL 6032882, at *2 (N.D. Ga. Nov. 21, 2005), the defendants stopped their pickup truck on the side of the highway when the truck started overheating.  The defendants exited their vehicle, walked to the front of the truck, and opened the hood to determine the cause of the problem.

7

Five minutes later, while the defendants were still underneath the hood of the truck, the plaintiffs' vehicle struck the left rear corner of a trailer attached to the defendant's truck, which remained partially in the roadway. The plaintiffs filed suit in the Superior Court of White County, Georgia, and the defendants removed the case to the U.S. District Court for the Northern District of Georgia. Id.

In ruling on the defendants' motion for summary judgment on the issue of punitive damages, the district court distinguished Fowler. The court found that while the Fowler defendant "stopped his vehicle on the highway for thirty-five (35) minutes without placing triangular warning devices or turning on his lights as it became dark," the defendants in Highsmith were "underneath the hood of the truck trying to determine what caused the truck to break down and possibly move it to a safer location." Id. at *9 n.13. The district court concluded that the circumstances in Highsmith "were far less egregious than those in Fowler" and granted the Highsmith defendants' motion. Id. at *9-*10.

8

Here, the circumstances are more analogous to those in Fowler. Construing all of the evidence in the light most favorable to Plaintiff, genuine issues of material fact exist as to whether Hall's conduct exhibited that level of indifference required to support an award of punitive damages. Although Hall deposed that he stopped in the emergency lane of the Exit 94 off-ramp because he thought the trailer's tail lights were not functioning properly (Hall Dep. 71, Feb. 16, 2009), he told a police officer at the scene that he "had stopped there to work on his logbook" (Fisher Dep. 28). Based on this admission, the officer issued Hall a citation for improper use of the emergency lane. At his deposition, the officer observed that parking in emergency lanes for nonemergency reasons is generally prohibited in order to prevent accidents like the one at issue in this case:

> **Q.** Why in your experience as a state patrol officer investigating hundreds of accidents as you told us are . . . no parking signs placed on exit ramps off of interstates?
>
> **A. Just because that's a dangerous area, wind up with situations like we have here.**
>
> **Q.** Just like occurred in this case with someone coming off the ramp and striking a vehicle parked in the emergency lane?

9

> **A. That's correct, whether it be an off ramp or on the interstate itself, which is part of the interstate, because things like this occur.**

(Id. at 38-39.) Based on this evidence, a jury would be entitled to conclude that Hall's act of parking in the emergency lane to make an entry in his logbook, rather than finding a safer location to complete this routine task, exhibited "that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b). Further, under Georgia law, where an employee acts within the scope of his employment and his behavior warrants a punitive award, his employer is also liable for punitive damages. Sightler v. Transus, Inc., 208 Ga. App. 173, 174, 430 S.E.2d 81 (1993) (quoting Am. Fid. & Cas. Co. v. Farmer, 77 Ga. App. 166, 178, 48 S.E.2d 122 (1948)). Accordingly, the Warrior Defendants are not entitled to partial summary judgment on the issue of punitive damages.

### B. Attorney's Fees

The Warrior Defendants also contend that they are entitled to summary judgment on the issue of attorney's fees. Plaintiff seeks an award of attorney's fees under O.C.G.A. § 13-6-11, which provides for recovery where "the

defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." For the purposes of the statute, "bad faith" means "bad faith during the transaction out of which the lawsuit arose." Capital Health Mgmt. Group, Inc. v. Hartley, 301 Ga. App. 812, 823, 689 S.E.2d 107 (2009). "Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party." Windermere, Ltd. v. Bettes, 211 Ga. App. 177, 179, 438 S.E.2d 406 (1993). Here, there is evidence that Hall failed to comply with a public law designed to protect other motorists and their passengers: he received a citation for parking in an emergency lane for a nonemergency reason. (See Fisher Dep. 19, 27-28, 38-39.) Moreover, questions as to whether a party has acted in bad faith are generally for the jury to decide. Merlino v. City of Atlanta, 283 Ga. 186, 191, 657 S.E.2d 859 (2008). Accordingly, the Warrior Defendants are not entitled to partial summary judgment on the issue of attorney's fees.

**CONCLUSION**

For the foregoing reasons, the Warrior Defendants' Motion for Partial Summary Judgment is **DENIED**. (Dkt. No. 103.)

**SO ORDERED**, this ___13th___ day of May, 2010.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA