```
COREY SOMMERS,                    *
                                  *
     Plaintiff,                   *
                                  *
     vs.                          *    CV 408-257
                                  *
WAYNE MICHAEL HALL; WARRIOR       *
TRANSPORTATION, LLC; AEQUICAP     *
INSURANCE COMPANY; and            *
CROWN PRODUCTS COMPANY, INC.,     *
                                  *
     Defendants.                  *
```

## ORDER

Plaintiff Corey Sommers filed this action against Defendants asserting state-law negligence claims for injuries he sustained in an automobile accident. On October 7, 2009, Defendant Crown Products Company, Inc. ("Crown") moved for summary judgment on all claims against it (Dkt. No. 96), and by Order dated February 16, 2010, the Court denied Crown's Motion (Dkt. No. 147). Presently before the Court is Crown's Motion for Reconsideration of the February 16, 2010 Order. (Dkt. No. 148.)

The Court described the facts and legal issues underlying this dispute in its Order denying Crown's Motion

for Summary Judgment. (Dkt. No. 147.) Plaintiff was a passenger in a pickup truck that crashed into the rear of a tractor-trailer stopped in the emergency lane of an interstate off-ramp. Crown owned the trailer. Plaintiff's single theory of liability against Crown is that when Defendant Wayne Michael Hall – the driver of the tractor-trailer – called Crown to report a problem with the trailer's tail lights, Crown allegedly instructed Hall to try and fix the lights himself and continue driving. In its Motion for Summary Judgment, Crown argued that there is no evidence in the record supporting Plaintiff's allegation. (See Dkt. No. 96.) Further, Crown argued that the intervening acts of the driver of the vehicle in which Plaintiff was riding on the night of the accident supersede any alleged negligence on Crown's part. (Id.) After carefully reviewing the briefing and evidence submitted by the Parties, the Court concluded that summary judgment on Plaintiff's claims against Crown would be inappropriate. (See Dkt. No. 147.) Crown now moves the Court to reconsider its determination. (Dkt. No. 148.)

The decision to grant a motion for reconsideration is committed to the sound discretion of the Court. Fla. Ass'n

2

of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). A motion for reconsideration is not an opportunity to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996). Rather, such motions should be reserved only for those limited situations where new evidence has been discovered, there has been an intervening development or change in the law, or there is a need to correct a clear error or prevent manifest injustice. West v. Higgins, No. 6:06cv083, 2009 WL 1708225, at *1 (S.D. Ga. June 16, 2009) (quoting Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

Here, Crown argues that the Court committed clear error in denying its Motion for Summary Judgment. First, Crown

3

submits that although Hall operated as an independent contractor, the Court mistakenly assumed that he "was a Crown employee driver subject to Crown's control." (Br. Supp. Mot. Reconsideration 2.) Crown argues this constitutes clear error because although the company maintains a policy restricting employee drivers from repairing equipment problems on their own, Crown's safety manager, Brian Ringland, deposed that he did not know whether this policy also applied to independent drivers. (See Ringland Dep. 20.) Therefore, Crown argues, a jury would not be entitled to find that Crown waived compliance with any company policy when its fleet manager allegedly suggested that Hall attempt to "get [the trailer lights] working" himself before Crown dispatched roadside assistance. (Hall Dep. 24, Feb. 16, 2009.)

While it is true that Ringland's deposition testimony does not affirmatively establish that Crown's equipment malfunction policy for employee drivers extends to independent drivers, a factual dispute remains as to whether Crown's fleet manager advised Hall that he should continue making deliveries for Crown without first having its trailer's lights inspected by a company mechanic. In

4

its Motion for Summary Judgment, Crown argues that there is "absolutely no evidence that [it] directed or instructed Hall to drive a trailer with malfunctioning lights." (Br. Supp. Mot. Summ. J. 5.) According to his deposition, however, Hall called Crown about the trailer lights on the afternoon of August 9, 2007, and fleet manager Wade Kelly told Hall that if he could "get [the lights] working where it's safe enough to drive by, then do so." (Hall Dep. 25, Feb. 16, 2009.) Based on this evidence, a jury might conclude that Crown acted negligently when Kelly instructed Hall that he could continue hauling the trailer despite the company's knowledge of a potential malfunction with its trailer's lights. Moreover, the nature of the relationship between Hall and Crown, and the implications of that relationship with respect to Crown's equipment policy, are matters to be resolved by the jury. Slater v. Canal Wood Corp. of Augusta, 178 Ga. App. 877, 878, 345 S.E.2d 71 (1986) (noting that whether one who entrusts work to an independent contractor retains control over any part of that work that might subject him to liability is generally a question of fact for the jury).

5

Crown also argues that the Court erred in finding that the actions of the driver of the pickup truck in which Plaintiff was riding at the time of the accident were not the cause-in-fact of Plaintiff's injuries. Such a contention overstates the Court's actual finding. The Court did not find that the pickup truck driver's actions were not a cause-in-fact of Plaintiff's injuries. Rather, the Court found that there was evidence from which a jury might conclude that Crown's alleged negligence was a proximate cause of Plaintiff's injuries, and further that whether the pickup truck driver's intervening acts severed the causal connection between Crown's alleged negligence and Plaintiff's injuries is a question for the jury. (See Dkt. No. 147, pp. 8-9.)

Crown further contends that the Court mistakenly relied on the pickup truck driver's self-contradictory and speculative testimony in ruling on Crown's Motion for Summary Judgment. The driver's unequivocal statement that "[t]here were no lights" on the trailer, however, is not speculative. (Burchett Dep. 32.) And while it is true that the pickup truck driver's deposition testimony is somewhat contradictory, the credibility of such testimony

should be resolved by the trier of fact and not by the Court at the summary judgment stage. See <u>Tippens v. Celotex Corp.</u>, 805 F.2d 949, 953 (11th Cir. 1986) ("Variations in a witness's testimony and any failure of memory throughout the course of discovery creates an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.").

Thus, after carefully considering Crown's Motion for Reconsideration, the Court finds that Crown has not demonstrated that the Court committed error in its Order ruling on Crown's Motion for Summary Judgment. Accordingly, the Court adheres to the ruling set forth in its February 16, 2010 Order and Crown's Motion for Reconsideration is **DENIED**. (Dkt. No. 148.)

**SO ORDERED**, this ___13th___ day of May, 2010.

_____
LISA GODBAY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA